JUSTICE TRIEWEILER,
specially concurring:
I concur with the result of the majority opinion. However, I cannot agree with all that is said therein.
Specifically, I do not feel it is necessary to reconcile the past 18 years of inconsistent decisions on the subject of equitable estoppel and, in the process, reverse two prior decisions, when that issue was never briefed, argued, nor raised by the parties.
The majority’s dissertation on the history of equitable estoppel is especially unnecessary to this opinion in light of § 26-1-601, MCA, which seems to clearly resolve the third issue on appeal.
Defendant argues, and the District Court concluded, that plaintiff’s wrongful discharge suit was preempted by a collective bargaining agreement which defendant now contends was in effect *240 at the time plaintiff terminated her employment. However, as pointed out by the majority, when plaintiff sought to avail herself of the grievance procedure provided for under the collective bargaining agreement, defendant denied that such an agreement existed and refused her the opportunity to do so. Hal Million, the acting public works director for the City of Great Falls, plainly stated that:
“[TJhere was no contract and no grievance procedure in effect or available to the union members during the dates of suspension.”
Because of defendant’s representation as set forth above, plaintiff was denied the opportunity to pursue the grievance process and as a result, filed this litigation. Therefore, the truth of Mr. Million’s earlier statement is conclusively presumed pursuant to § 26-1-601, MCA, and there was no grievance procedure available to claimant which could preempt her claim under the Wrongful Discharge from Employment Act.
I agree with the result arrived at by the majority. However, I would wait for another day, after the issue had been raised and briefed, before trying to reconcile and rewrite Montana’s decisions on the law of equitable estoppel.